UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYLEIGH F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-cv-05946-GJL <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 14

After considering and reviewing the record, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

I.      PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income (SSI) benefits was denied initially and following reconsideration. *See* Administrative Record (AR) 128, 138. After holding

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

a hearing in November 2018 (AR 32–75), ALJ Malcolm Ross issued a decision finding Plaintiff not disabled in January 2019 (AR 154–75) which was vacated by the Appeals Council (AR 176–81). ALJ Ross held another hearing in March 2021 (AR 76–109) and issued another unfavorable decision in May 2021 (AR 12–31), which was reversed by this Court (AR 1094–1104). On remand, ALJ David Johnson (the ALJ) held a hearing on June 6, 2023. AR 1036–55. He issued a decision finding Plaintiff not disabled on August 17, 2023. AR 1004–35. Plaintiff failed to file exceptions with the Appeals Council, making the ALJ's written decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 416.1484(a). On October 27, 2023, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4. Defendant filed the sealed AR regarding this matter on December 20, 2023. Dkt. 7.

## II.     BACKGROUND

Plaintiff was born in 1959 and was 56 years old on the alleged date of disability onset of January 4, 2016. *See* AR 323, 1007. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of cervical spine degenerative disc disease, status post-fusion surgery; lumbar spine degenerative disc disease, status postfusion surgery; and chronic obstructive pulmonary disease (COPD) with tobacco use; and bilateral hand abnormalities. AR 1010. However, the ALJ found Plaintiff was not disabled because Plaintiff had the following residual functional capacity (RFC):

> to perform light work, as defined in 20 CFR 416.967(b), that does not require more than frequent kneeling or crawling; that does not require more than occasional balancing, stooping, crouching, or climbing of ramps or stairs; that does not require climbing of ladders, ropes, or scaffolds; that does not require more than frequent handling; that does not require more than occasional fingering; that does not require more than frequent exposure to hazards or extreme temperatures; and that does not require more than occasional exposure to pulmonary irritants.

AR 1012.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

### III.   DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff raises a single argument in her opening brief: whether the ALJ failed to properly address the medical opinion of Cary Jasper, ARNP. *See* Dkt. 12. ARNP Jasper completed an opinion in June 2022 based on a physical exam of Plaintiff. *See* AR 1544–50. She opined Plaintiff could not stand or walk more than two hours per day and should not lift, climb, balance, stoop, kneel, crouch, or crawl. AR 1549–50. These opined limitations were based on Plaintiff's antalgic gait, inability to tandem walk, decreased range of motion of the back, and difficulty squatting. *See id.*

For applications like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other relevant factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). The ALJ's explanation for discounting an opinion must be supported by substantial evidence. *See Woods*, 32 F.4th at 792.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

The ALJ found ARNP Jasper's opinion unpersuasive because "ARNP Jasper's opinions were generally based on the claimant's need for a cane, her antalgic gait, limited cervical and lumbar ranges of motion, and her inability to squat, which are inconsistent with the treatment records showing no gait or balance issues and no cane use." AR 1019. Inconsistency with medical evidence is a valid basis on which to discount an opinion. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The ALJ's finding was supported by substantial evidence—the ALJ explained elsewhere in his decision that Plaintiff ambulated without use of a cane and demonstrated normal gait throughout the record, with few exceptions. *See* AR 1013 (citing AR 532, 543, 592, 599, 664, 672, 736, 853, 872, 899, 901, 906, 925, 952); AR 1018.

Plaintiff counters that the ALJ improperly "cherry-picked" favorable records in reaching this finding. Dkt. 12 at 7. In support, Plaintiff cites to a July 2022 emergency room visit (AR 1572–77) and a treatment note from November 2022 (AR 1623–33) where she complained of back pain. *Id.* at 6–7. However, the ALJ considered this evidence (AR 1017) and found it contrary to much of the rest of the record (AR 1018). Additionally, both complaints of back pain involve short-lived exacerbations of Plaintiff's symptoms and are therefore not suggestive of long-term limitations. *See* AR 1573 (July 2022: "Pt reports she was riding her bike recently which caused a flair up of her back pain."); AR 1628 (November 2022: "onset: 3 weeks ago"). Plaintiff also points to a spinal radiography revealing some abnormalities in the spine (AR 1612), but this evidence does not suggest any limitations stemming from these spinal abnormalities, and so they are not necessarily supportive of ARNP Jasper's opined limitations.

Thus, the ALJ did not err in finding ARNP Jasper's opinion inconsistent with the medical evidence. Plaintiff also contends the ALJ erred by failing to address the supportability factor (Dkt. 12 at 5–6) but this is, at best, harmless error. *See Woods*, 32 F.4th at 792–93 (finding

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm); *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (error inconsequential to non-disability determination is harmless).

Accordingly, the ALJ did not reversibly err in considering ARNP Jasper's opinion and thus the Court affirms the ALJ's decision.

### IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 8th day of August, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5